# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE JACKSON, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-10-1583 |
| v. : | |
| : | (Judge Caputo) |
| WARDEN DAVID EBBERT, : | |
| : | |
| Respondent : | |

# M E M O R A N D U M

## I.     Introduction

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Jermaine Jackson, an inmate currently incarcerated at FCI-Allenwood in White Deer, Pennsylvania.  (Doc. 1, Pet.)  This matter is before the court for screening.  *See* 28 U.S.C. § 2243.

Mr. Jackson's Petition states the following:

> Comes Now, Jermaine Jackson, Sui Juris, in want of counsel, moving this court for Petition for Writ of Habeas Corpus, on the heels of exhausting all required prerequisite administrative remedy procedure.  Judicial Notice is herein given, that the restranits [sic] being applied against petitioner are in violation of Constitutional requirements . . . Jackson state for and on the record that prior to placement in federal custody, he was a resident inhabitant of the state of Alabama.  That he has exhausted all administrative remedies of the BUREAU OF PRISONS, in challenging the bindover procedure requirement when bringing state inhabitants into a foreign jurisdiction as the federal

> government. Jackson states for the record that his placement in federal custody is void and unconstitutional restraint against his liberty. That prior to placement in federal custody, no contract agreement between he and the state nor federal government was ever established, nor any state case transfer, consent of contract, or any of the like that would qualify him as a federal citizen, subject, taxpayer, worker, person, status, or other. Nor is there a record of any Writ of Habeas Corpus of Ad Prosequendam, which is the threshold requirement to bring a state inhabitant into a foreign jurisdiction upon consent of the party to have his/her state matters transferred into such jurisdiction. Jackson has exhausted all prerequisite administrative remedies, and the record is absent the essential elements required to maintain the conviction that was imposed by unclean hands, fraud, misapplication of statute, and unlawful operations of federal officials. THEREFORE it is in the best interest of the public and the parties involved, that the prerequisite, i.e. the Contract, Contractual Agreement, State Case Transfer, Consent of Transfer, and/or the Writ of Ad Prosequendam, be presented before the court to determine the jurisdiction and constitutionality of restraint of liberty Jackson's confinement. In the event respondent(s) fail to bring forth, produce, or make available by what lawful authority, absent consentual [sic] transfer of the person/body of Jermaine Jackson into federal jurisdiction/ custody, the Court is to release Petitioner forthwith. It has been said so it is done.

(Doc. 1, Pet.)

While it is difficult to discern precisely what Mr. Jackson is claiming, it appears that the gravamen of his petition is that he is a citizen of Alabama who was convicted in the federal courts of a crime which he believes lies outside the jurisdiction of the federal courts, and should have been tried by state authorities. On this basis of this opaque jurisdictional challenge to his federal conviction, Mr. Jackson now seeks a writ of habeas corpus from a federal court here in Pennsylvania.

The eccentric jurisdictional premise underlying Mr. Jackson's petition was further confirmed by an affidavit he filed in support of this petition. That affidavit declared as follows:

> I, the undersigned Affiant, solemly states and declares: That, I, have seen no evidence of any contracts, agreements, covenants, corporate franchises (14th Amendment), hypothecations, promises, pledges, choses in action, cessio bonorum, bailment, transfers, use, cestui que trust, trusts and confidences (or presumptions emanating therefrom) nor any similar transactions by and between the undersigned Affiant and the UNITED STATES, UNITED STATES OF AMERICA, and/or corporate STATE nor any/or all subdivisions thereof, including its/or their representaive(s), and I deny that they exist. And herein cancel any and all presumed or assumed due to "non-disclosure" and "failure of fair consideration." See Article 1, Section 10, Constitution for the United States of America, via the fifty sovereign states united in America. That any alleged (Ens Legis) privileges and/or benefits are denied and wavied. Affiant states that anyone wishing to rebut this Affidavit must do so in Affidavit form, sworn to under penalty of perjury in their lawful Christian name, within ten days. of the postmark of this Notice. Failure to rebut this affidavit in the form stated, stipulates in the record that the above mentioned is the truth, the whole truth, and nothing but the truth. And that the Defendant named herein. is to be discharged and compensated for the Fraud and unlawful operations of the Plaintiff and Plaintiff's representative(s). It has been said so it is done, and all Parties to this petition is in agreement that the undersigned is to be discharged for unlawful restraint of his liberty.

(Doc. 1, Pet.)

Following a review of the Petition, and for the reasons set forth below, it is ordered that the petition be dismissed because the Court lacks jurisdiction to consider it.

## II. Discussion

The instant § 2241 petition is before the Court for preliminary consideration. Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977) (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir. 1997). *See also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. *See* 28 U.S.C. § 2255(a) (motion must be filed in "the court which imposed the sentence").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" *Gomez v. Miner,* No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting *Myers v. Booker*, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle,* 290 F.3d at 538-39 (citing *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle,* 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for

-5-

lack of jurisdiction. *Application Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that Mr. Jackson makes in his Petition do not even suggest, let alone demonstrate, that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. His claims do not fall within the narrow exception outlined in *Dorsainvil,* in which § 2241 relief could be available. In *Dorsainvil,* the Third Circuit held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *Dorsainvil,* 119 F.3d at 251. Nothing in Mr. Jackson's petition suggests that this narrow exception has any relevance or application to the instant proceedings. Indeed, Jermaine Jackson does not represent that the alleged errors at his trial and sentencing are based upon an intervening change in constitutional law. To the contrary, he simply appears to claim that the federal courts lack jurisdiction to try or punish him for what he regards as a state offense. Mr. Jackson's arguments are unsupported and unpersuasive, and his representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 would be either ineffective or inadequate to test the legality of his detention.

In sum, Jermaine Jackson has not shown that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the Court will dismiss Mr. Jackson's

petition for lack of jurisdiction.[1]

The Court recognizes that *pro se* petitioners often should be afforded an opportunity to amend their pleadings before a prayer for relief is denied, *see Fletcher-Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir. 2007),* unless it is clear that granting further leave to amend would be futile, or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Mr. Jackson's petition will be denied without prejudice to Jackson pursuing any relief in this matter under § 2255 through a properly framed motion to correct his sentence directed to the sentencing court.

For these reasons, the Court will dismiss the instant § 2241 petition for lack of jurisdiction. An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO
United States District Judge**

**Dated: August 30, 2010**

---

[1] The Court takes no position on whether Mr. Jackson may be able to pursue a § 2255 motion before the original sentencing court.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JERMAINE JACKSON, :
:
    Petitioner :
:   CIVIL NO. 3:CV-10-1583
v. :
:   (Judge Caputo)
WARDEN DAVID EBBERT, :
:
    Respondent :

# O R D E R

**NOW, this  30th  day of AUGUST, 2010,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The Petition for writ of habeas corpus is denied without prejudice.

    2.    The Clerk of Court is directed to close this case.

                                         /s/ A. Richard Caputo
                                         **A. RICHARD CAPUTO**
                                         **United States District Judge**